UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH JUAREZ, | Case No. 2:24-cv-2948-TLN-JDP (SS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| LELAND DUDEK, Commissioner of Social Security, | |
| Defendant. | |

On October 25, 2024, plaintiff filed a complaint challenging the final decision of the Commissioner of Social Security denying her benefits. ECF No. 1. On October 29, 2024, I granted plaintiff's application to proceed *in forma pauperis* and issued a scheduling order. ECF Nos. 3 & 5. Relevant to that order, I ordered the Commissioner to file a copy of the administrative recorded within sixty days and ordered plaintiff to file a motion for summary judgment within thirty days of service of the administrative record. ECF No. 5 at 2.

The Commissioner timely filed the administrative record on February 3, 2025. ECF No. 11. Plaintiff's motion was due thirty days later. Plaintiff did not timely file a motion, therefore, on March 19, 2025, I ordered plaintiff to show cause within fourteen days why sanctions should not be imposed. ECF No. 14. I warned plaintiff that failure to comply with the March 19 order would result in a recommendation that this action be dismissed for failure to prosecute and to

1

1 comply with court orders. *Id*. The deadline for plaintiff to file a motion for summary judgment
2 and response to the order to show cause has passed without word from plaintiff.

3       The court has inherent power to control its docket and may, in the exercise of that power,
4 impose sanctions, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir.
5 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with
6 any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .
7 within the inherent power of the Court.").

8       A court may dismiss an action based on a party's failure to prosecute an action, failure to
9 obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54
10 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,
11 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
12 complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
13 comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*
14 *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court
15 order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
16 prosecution and failure to comply with local rules).

17       In recommending that this action be dismissed for failure to comply with court orders, I
18 have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's
19 need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
20 favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."
21 *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

22       Here, plaintiff has failed to respond to court orders directing her to file a motion for
23 summary judgment. *See* ECF Nos. 5 & 14. Therefore, the public's interest in expeditious
24 resolution, the court's need to manage its docket, and the risk of prejudice to defendants all cut in
25 favor of the sanction of dismissal. Lastly, the court's warning to plaintiff that failure to obey
26 court orders will result in dismissal satisfies the "considerations of the alternatives" requirement.
27 *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. Plaintiff had
28

adequate warning that dismissal could result from her noncompliance.[1]  Accordingly, I find that the balance of factors weighs in favor of dismissal.

Accordingly, it is hereby RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to prosecute and failure to comply with court orders for the reasons set forth in the March 19, 2025 order.  *See* ECF No. 14.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    April 14, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] The March 19, 2025 order expressly warned plaintiff that her failure to comply with court orders would result in dismissal.  ECF No. 14.

3